TO PROPERLY RELEASE YOUR LIABILITY, PLEASE READ AND FOLLOW INSTRUCTIONS ON REVERSE SIDE
SECTIONS A-J MUST BE COMPLETED IN FULL    PRINT IN CAPITAL LETTERS – USE BLACK OR BLUE INK

**NOTICE OF TRANSFER AND RELEASE OF LIABILITY**

MAIL THIS PORTION TO DMV-OR-FILE ONLINE AT dmv.ca.gov

A NEW OWNER'S LAST NAME (OR) COMPANY NAME    FIRST

B NEW OWNER'S ADDRESS    APT NUMBER    C ODOMETER READING (NO TENTHS)

D CITY    STATE    ZIP CODE    E DATE OF SALE OR LEASE RETURN    MO  DAY  YR

F SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME    FIRST    G SELLING PRICE (NO CENTS)  WHOLE DOLLARS

H SELLER'S OR LESSEE'S ADDRESS    APT NUMBER    I SELLER'S OR LESSEE'S SIGNATURE
X

J CITY    STATE    ZIP CODE

VEHICLE ID NUMBER    YR MODEL   MAKE    PLATE NUMBER
2C3CDZFJXNH226267    2022 DODG

---

**STATE OF CALIFORNIA**

**CERTIFICATE OF TITLE**    VEHICLE HISTORY

AUTOMOBILE

VEHICLE ID NUMBER: 2C3CDZFJXNH226267    YR MODEL: 2022    MAKE: DODG    PLATE NUMBER:

BODY TYPE MODEL: 2D    AX: UNLADEN WEIGHT:    FUEL: G    TRANSFER DATE:    FEES PAID: NONE    REGISTRATION EXPIRATION DATE: 09/24/2023

YR 1ST SOLD: 2022    CLASS: QM    YR:    MO: 00    EQUIPMT/TRUST NUMBER:    ISSUE DATE: 10/12/22

MOTORCYCLE ENGINE NUMBER:

ODOMETER DATE: 09/23/2022    ODOMETER READING: 20 MI
ACTUAL MILEAGE

REGISTERED OWNER(S)
CCAP AUTO LEASE LTD LSR
MCCULLOUGH JASON T LSE
25582 CREEK DRIVE
LAGUNA HILLS CA 92653

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE

1a ___ DATE    X ___ SIGNATURE OF REGISTERED OWNER
1b ___ DATE    X ___ SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads ☐☐☐☐☐.☐☐☐ (no tenths) miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING    ☐ Odometer reading is not the actual mileage    ☐ Mileage exceeds the odometer mechanical limits

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct

DATE    TRANSFEROR/SELLER SIGNATURE(S)    DATE    TRANSFEREE/BUYER SIGNATURE(S)
        X                                            X
PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY    PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

**IMPORTANT READ CAREFULLY**
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days

LIENHOLDER(S)
CCAP AUTO LEASE LTD
PO BX 961272
FORT WORTH
TX 76161

2  X ___
Signature releases interest in vehicle (Company names must be countersigned)
Release Date ___

**KEEP IN A SAFE PLACE - VOID IF ALTERED**



Chrysler Capital
P.O. Box 961275
Fort Worth, TX 76161-1275
(855) 563-5635

## Affidavit of Fact

- One of the following names may appear on record, which is a company, affiliate, or a subsidiary company where Chrysler Capital has rights to service, secure or release the interest on vehicle records, also to include repossession and procurement of vehicle. Please accept this as evidence and proof.

  - Chrysler Capital
  - CCAP Auto Lease Ltd

Sincerely,

*Amanda Yanttanen*

Chrysler Capital

Subscribed and sworn to before me this __1__ day of __May__, 2013.

*Tamara Green*
Notary Public, State of Texas, County of Tarrant

TAMARA GREEN
Notary Public, State of Texas
My Commission Expires
September 20, 2014

Chrysler Capital I Titles Department I Phone 800.526.0157 I Fax 972.999.8207
© 2013 Chrysler Capital // P.O. Box 961275 // Fort Worth, TX 76161-1275// 28448_022613
Chrysler Capital is a trademark of Chrysler Group LLC and licensed to Santander Consumer USA Inc.

Page 1 of 1

CORP/LLC - File Detail Report

http://www.ilsos.gov/corporatellc/CorporateLlcContrc



JESSE WHITE
SECRETARY OF STATE

## CORPORATION FILE DETAIL REPORT

| Entity Name | SANTANDER CONSUMER USA INC. | File Number | 52571863 |
|---|---|---|---|
| Status | ACTIVE | | |
| Entity Type | CORPORATION | Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | 11/23/1981 | State | ILLINOIS |
| Agent Name | C T CORPORATION SYSTEM | Agent Change Date | 03/14/2007 |
| Agent Street Address | 208 SO LASALLE ST, SUITE 814 | President Name & Address | THOMAS G DUNDON 8585 N STEMMONS FRWY #1100N DALLAS TX |
| Agent City | CHICAGO | Secretary Name & Address | ELDRIDGE BURNS SAME ZIPCODE 75247 |
| Agent Zip | 60604 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 11/30/2012 | For Year | 2012 |
| Assumed Name | ACTIVE - SANTANDER AUTO FINANCE<br>ACTIVE - DRIVE FINANCIAL<br>ACTIVE - ROADLOANS<br>ACTIVE - HELPINGLOANS<br>ACTIVE - HELPINGLOANS.COM<br>ACTIVE - CHRYSLER CAPITAL | | |
| Old Corp Name | 07/06/1988 - IFA, INCORPORATED<br>02/23/2001 - IFA INCORPORATED<br>01/09/2006 - BOS (USA) INC.<br>10/13/2006 - BOS (USA) DRIVE INC.<br>03/05/2007 - DRIVE CONSUMER USA INC. | | |

Return to the Search Screen

Purchase Certificate of Good Standing
(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

1 of 1

# CALIFORNIA MOTOR VEHICLE LEASE AGREEMENT – CLOSED-END

**CHRYSLER CAPITAL**

## LEASE PARTIES

| Lessee | Vehicle Garaging Address | Lessor (Dealer) |
|---|---|---|
| JASON T MCCULLOUGH<br>25582 CREEK DRIVE<br>LAGUNA HILLS CA 92653 ORANGE | 25582 CREEK DRIVE<br>LAGUNA HILLS CA 92653<br>ORANGE | TUTTLE-CLICK'S TUSTIN<br>CHRYSLER JEEP<br>40 AUTO CENTER DRIVE<br>TUSTIN CA 92782 |
| Co-Lessee: N/A | | |

## LEASED VEHICLE ("VEHICLE")

NEW [X]   USED [ ]

| | YEAR | MAKE | MODEL | BODY STYLE | VEHICLE IDENTIFICATION NUMBER | ODOMETER READING |
|---|---|---|---|---|---|---|
| NEW | 2022 | DODGE | CHALLENGER | 2DR CPE SCAT | 2C3CDZFJXNH226267 | 20 |
| USED | N/A | N/A | N/A | N/A | N/A | N/A |

Vehicle is to be used primarily for Personal, Family or Household purposes [XX]   Business, Commercial or Agricultural purposes [ ]   ** If "Demo", check "USED"

The box below is for additional agreements between the parties; if there are no such agreements, complete with N/A or similar language.

N/A

## TRADE-IN VEHICLE AND ALLOWANCE

| Year: 2019   Make: TOYOTA | | Gross Amount of Trade-in Allowance | $ 24000.00 |
|---|---|---|---|
| Model: PRIUS PRIME | Owned [XX]   Leased [ ] | (Gross Agreed-upon Value of the Trade-in) | |
| VIN: JTDKARFP5K3111238 | | Prior Credit or Lease Balance | -$ 18865.69 |
| | | Net Trade-In Allowance | =$ 5134.31 |

## NATURE OF LEASE

This is an agreement to lease the Vehicle. This Motor Vehicle Lease Agreement ("Lease"), between the undersigned lessee(s) ("Lessee") and the undersigned lessor ("Lessor") whose names and addresses are listed above provides agreed terms and conditions in connection with the lease of the Vehicle. As used in this Lease, the words "you" and "your" refer to the Lessee and "us" or "our" refer to the Lessor (or its successors and assigns). You agree to lease the Vehicle from us according to the terms of this Lease. If more than one Lessee signs this Lease, each Lessee may be held individually liable for the entire amount owing under this Lease. Please note this is a Lease, and not a purchase agreement. Therefore, we own the Vehicle.

LEASE DATE: 09/23/2022    LEASE TERM: 36 MONTHS    SINGLE PAYMENT LEASE: [ ]    SIGN AND DRIVE LEASE*: [ ]
(check if applicable)    (check if applicable)

* If this is a Sign and Drive Lease, CCAP Auto Lease Ltd. will pay the first Monthly Payment described in Section 2.A below.

## FEDERAL CONSUMER LEASING ACT DISCLOSURES

| 1. AMOUNT DUE AT LEASE SIGNING OR DELIVERY (Itemized Below)** | 2. MONTHLY OR SINGLE PAYMENT | 3. OTHER CHARGES (not part of your Monthly Payment or Single Payment) | 4. TOTAL OF PAYMENTS (The amount you will have paid by the end of the Lease) |
|---|---|---|---|
| $ 6634.31 | A. Your first Monthly Payment of $ 724.72 is due on 09/23/22 followed by 35 payments of $ 724.72 due on the 23rd of each month, starting on 10/23/22.<br>B. The total of your Monthly Payments is $ 26089.92<br>C. If this is a Single Payment Lease, your Single Payment of $ N/A is due on N/A which is at Lease Signing or Delivery. | A. Disposition Fee (If you do not purchase the Vehicle) $ 395.00<br>B. Total $ 395.00 | $ 32394.51<br>(Sum of Sections 1, 2.B or 2.C (as applicable) and 3.B. minus Sections 5.A.2 or 5.A.3 (as applicable) and 5.A.4) |

## 5. ITEMIZATION OF AMOUNT DUE AT LEASE SIGNING OR DELIVERY

**A. AMOUNT DUE AT LEASE SIGNING OR DELIVERY**

| | |
|---|---|
| (1) Capitalized Cost Reduction | $ 4735.27 |
| (2) First Monthly Payment | 724.72 |
| (3) Single Payment | N/A |
| (4) Refundable Security Deposit | N/A |
| (5) Title Fees | |
| (6) Registration Fees | 293.00 |
| (7) License Fees | 383.00 |
| (8) Upfront Sales/Use Tax | 6.59 |
| (9) Capitalized Cost Reduction Tax | 366.98 |
| (10) Acquisition Fee | N/A |
| (11) Documentation Processing Charge (not a government fee) | 85.00 |
| (12) Electronic Vehicle Transfer or Registration Charge (not a government fee) | 31.00 |
| (13) California Tire Fees | 8.75 |
| (14) N/A | N/A |
| (15) N/A | N/A |
| (16) N/A | N/A |
| (17) TOTAL | $ 6634.31 |

**B. HOW THE AMOUNT DUE AT LEASE SIGNING OR DELIVERY WILL BE PAID:**

| | |
|---|---|
| (1) Net Trade-In Allowance (if positive) | $ 5134.31 |
| (2) Rebates and Noncash Credits | N/A |
| (3) Amount to be Paid in Cash | $ 1500.00 |
| (4) TOTAL | $ 6634.31 |

## 6. YOUR MONTHLY OR SINGLE PAYMENT IS DETERMINED AS SHOWN BELOW

A. GROSS CAPITALIZED COST. The Agreed Upon Value of the Vehicle ($ 58995.00) and any items you pay for over the Lease Term (such as service contracts, insurance, and outstanding prior credit or lease balance) ... $ 59890.00

B. CAPITALIZED COST REDUCTION. The amount of any net trade-in allowance, rebate, noncash credit or cash you pay that reduces the Gross Capitalized Cost ... –$ 4735.27

C. ADJUSTED CAPITALIZED COST. The amount used in calculating your Base Monthly Payment or Base Single Payment =$ 55154.73

D. RESIDUAL VALUE. The value of the Vehicle at the end of the Lease used in calculating your Base Monthly Payment or Base Single Payment –$ 38346.75

E. DEPRECIATION AND ANY AMORTIZED AMOUNTS. The amount charged for the Vehicle's decline in value through normal use and for other items paid over the Lease Term =$ 16807.98

F. RENT CHARGE. The amount charged in addition to the Depreciation and any Amortized Amounts +$ 7405.26

G. TOTAL OF BASE MONTHLY PAYMENTS OR SINGLE PAYMENT. The Depreciation and any Amortized Amounts plus the Rent Charge =$ 24213.24

H. LEASE PAYMENTS. The number of payments in your Lease ÷ 36

I. BASE MONTHLY PAYMENT OR BASE SINGLE PAYMENT =$ 672.59

J. SALES/USE TAX +$ 52.13

K. N/A +$ N/A

L. N/A +$ N/A

M. TOTAL MONTHLY PAYMENT ("MONTHLY PAYMENT") OR TOTAL SINGLE PAYMENT ("SINGLE PAYMENT") =$ 724.72

**EARLY TERMINATION.** You may have to pay a substantial charge if you end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier you end the Lease, the greater this charge is likely to be.

7. **EXCESSIVE WEAR AND USE.** You may be charged for excessive wear based on our standards for normal use and for mileage in excess of your contracted mile amount ("Regular Mileage"), plus Additional Miles); at $ 0.25 per mile. The "Regular Mileage" shall be 10000 miles per year. You have the option to purchase miles at Lease signing. You hereby agree to purchase N/A miles at $ 0.20 per mile ("Additional Miles"). Amounts paid for Additional Miles that are not used upon termination of this Lease shall not be refundable.

8. **PURCHASE OPTION AT THE END OF LEASE TERM.** You have an option to purchase the Vehicle at the end of the Lease Term for (i) the Residual Value, plus (ii) any past due Monthly Payments and any other amount due under this Lease, plus (iii) official fees and taxes, plus (iv) a $350 purchase option fee (the "Purchase Option Fee"), plus (v) a document or other administrative fee that may be charged by the dealer or third party processing such purchase, up to the maximum allowed by applicable state law. Please contact your preferred dealer for the amount of such document or other administrative fee.

9. **PURCHASE OPTION PRIOR TO THE END OF LEASE TERM.** You have an option to purchase the Vehicle prior to the end of the Lease Term for (i) the Residual Value, plus (ii) any past due Monthly Payments and any other amount due under this Lease, plus (iii) official fees and taxes, plus (iv) the Base Monthly Payment multiplied by the number of Base Monthly Payments not yet due (only if this is a Monthly Payment Lease), plus (v) a document or other administrative fee that may be charged by the dealer or third party processing such purchase, up to the maximum allowed by applicable state law, minus (vi) unearned Rent Charges calculated according to the actuarial method, plus (vii) the Purchase Option Fee described in Section 8 above. Please contact your preferred dealer for the amount of the document or other administrative fee.

10. **OTHER IMPORTANT TERMS..** See both sides of this Lease for additional information on early termination, purchase options and maintenance responsibilities, warranties, late and default charges, insurance, and any security interest, if applicable.

8. **PURCHASE OPTION AT THE END OF LEASE TERM.** You have an option to purchase the Vehicle at the end of the Lease Term for (i) the Residual Value, plus (ii) any past due Monthly Payments and any other amount due under this Lease, plus (iii) official fees and taxes, plus (iv) a $350 purchase option fee (the "Purchase Option Fee"), plus (v) a document or other administrative fee that may be charged by the dealer or third party processing such purchase, up to the maximum allowed by applicable state law. Please contact your preferred dealer for the amount of such document or other administrative fee.

9. **PURCHASE OPTION PRIOR TO THE END OF LEASE TERM.** You have an option to purchase the Vehicle prior to the end of the Lease Term for (i) the Residual Value, plus (ii) any past due Monthly Payments and any other amount due under this Lease, plus (iii) official fees and taxes, plus (iv) the Base Monthly Payment multiplied by the number of Base Monthly Payments not yet due (only if this is a Monthly Payment Lease), plus (v) a document or other administrative fee that may be charged by the dealer or third party processing such purchase, up to the maximum allowed by applicable state law, minus (vi) unearned Rent Charges calculated according to the actuarial method, plus (vii) the Purchase Option Fee described on Section 8 above. Please contact your preferred dealer for the amount of the document or other administrative fee.

10. **OTHER IMPORTANT TERMS.** See both sides of this Lease for additional information on early termination, purchase options and maintenance responsibilities, warranties, late and default charges, insurance, and any security interest, if applicable.

### 11. ITEMIZATION OF GROSS CAPITALIZED COST

A. Agreed Upon Value of the Vehicle As Equipped at Lease Signing  $ 58995.00
B. Accessories and Optional Equipment Lessor Agrees to Add After Lease Signing
1. N/A  +$ N/A
2. N/A  +$ N/A
3. N/A  +$ N/A
4. N/A  +$ N/A
5. N/A  +$ N/A
Total Accessories And Optional Equipment to be Added  +$ N/A
C. License/registration/title fees  +$ N/A
D. Sales/Use tax  +$ N/A
E. Net Trade-In Allowance (if negative)  +$ N/A

F. Optional service contract  +$ N/A
G. Optional maintenance contract  +$ N/A
H. Acquisition fee  +$ 895.00
I. Document Processing Charge (not a government fee)  +$ N/A
J. Electronic Vehicle Transfer or Registration Charge (not a government fee)  +$ N/A
K. California Tire Fees  +$ N/A
L. N/A  +$ N/A
M. N/A  +$ N/A
N. N/A  +$ N/A
O. N/A  +$ N/A
P. **Total = Gross Capitalized Cost**  =$ 59890.00

### 12. OFFICIAL FEES AND TAXES

You will pay when due all government license, title, registration, testing, and inspection fees and taxes for the Vehicle whether included in your Monthly or Single Payment or in other amounts paid to Lessor. You will pay all taxes due under the Lease or related to the Vehicle that the government levies against you, the Lessor, even if they become due after the end of the Lease. Your Monthly Payment may change if taxes or fees change and you may be separately billed for taxes and fees.
**Estimated Official Fees and Taxes You Must Pay During the Lease.** The total amount Lessor estimates that you will pay for official and license fees, registration, title, and taxes over the Lease Term, whether included with your Monthly or Single Payment or assessed otherwise: $ 4424.19 . The actual total of official fees and taxes may be higher or lower depending on the tax rates in effect, the location or the value of the Vehicle when a fee or tax is assessed.

### 13. INSURANCE

NO PHYSICAL DAMAGE OR LIABILITY INSURANCE COVERAGE FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS IS INCLUDED IN THIS LEASE. As a result, you are liable for any physical damage to the Vehicle and any bodily injury, death, personal injury or property damage arising out of your or any person's use of the Vehicle. You agree to maintain in full force and effect primary and noncontributory insurance with at least the following minimum limits and coverage during the Lease Term and until the Vehicle is returned to us: (1) Liability insurance required by applicable state law, including any no-fault and uninsured motorist law; (2) Collision insurance with limits no less than actual value of the Vehicle with a maximum deductible of $1,000; (3) Comprehensive insurance including perils of fire, weather, vandalism and theft, with limits no less than actual value of the Vehicle with a maximum deductible of $1,000; and (4) you must be listed as an insured on the insurance policy. You understand that the insurance policy must provide CCAP Auto Lease Ltd. with primary coverage as an additional insured on item (1) and as loss payee on items (2) and (3). The policy must state that CCAP Auto Lease Ltd. will be given at least 10 days' notice of any cancellation, nonrenewal, limit reductions or material coverage changes. You agree to buy the insurance from an insurance company reasonably acceptable to CCAP Auto Lease Ltd. and to furnish CCAP Auto Lease Ltd. with initial and renewal certificates of insurance evidencing coverage.

### 14. VEHICLE WARRANTIES

The Vehicle is covered by the manufacturer's standard new car warranty. LESSOR LEASES THE VEHICLE TO YOU "AS IS", EXCEPT AS PROVIDED IN THIS LEASE AND (UNLESS PROHIBITED BY LAW) LESSOR MAKES NO EXPRESS OR IMPLIED WARRANTIES OR REPRESENTATIONS AS TO THE VEHICLE'S (OR ANY OF ITS PARTS OR ACCESSORIES) CONDITION, MERCHANTABILITY, SUITABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE AND LESSOR MAKES NO OTHER REPRESENTATIONS OR WARRANTIES WHATSOEVER.

### 15. OPTIONAL INSURANCE AND ADDITIONAL PRODUCTS

You are not required to purchase any of the insurance, contracts, agreements or products listed in this Section in order to lease the Vehicle. Your decision to buy them is not a factor in our decision to approve this Lease. We will obtain any optional insurance coverage(s) that you initial below. A notice you receive when you sign this Lease describes the coverage(s) in greater detail. Life insurance and disability insurance may not cover taxes and other amounts due besides the Base Monthly Payments.

| Optional Product | Charge or Premium | Coverage | Provider | Term | By initialing below you indicate that you elect to purchase the Optional Product |
|---|---|---|---|---|---|
| Service Contract | $ N/A | N/A | N/A | N/A | N/A / N/A ✓ Lessee/Co-Lessee Initials |
| Maintenance Contract | $ N/A | N/A | N/A | N/A | N/A / N/A ✓ Lessee/Co-Lessee Initials |
| Wear and Tear | $ N/A | N/A | N/A | N/A | N/A / N/A ✓ Lessee/Co-Lessee Initials |
| Other N/A | $ N/A | N/A | N/A | N/A | N/A / N/A ✓ Lessee/Co-Lessee Initials |
| Other N/A | $ N/A | N/A | N/A | N/A | N/A / N/A ✓ Lessee/Co-Lessee Initials |

### 16. COMMUNICATIONS WITH LESSEE

A. **CONSENT TO MONITOR AND RECORD PHONE CALLS.** To ensure that Lessee's inquiries are handled promptly, courteously, and accurately, some of the phone calls between you and us or any of our affiliates, agents, assigns and service providers, may be monitored and recorded by us and any of our affiliates, agents, assigns and service providers, to enhance service to you. You consent to this monitoring and recording.

B. **SERVICING AND COLLECTION CALLS.** You agree that, in order for us to service this Lease or to collect any amounts you owe, Lessor may make calls and/or send text messages to you at any telephone number(s) that you have provided to us, now or in the future, including wireless telephone numbers that could result in charges to you. The manner in which these calls or text messages are made to you may include, but is not limited to, the use of prerecorded/artificial voice messages and/or automatic telephone dialing system. You further agree that in order for us to service this Lease or to collect any amounts you owe, that Lessor may send/e-mails to you at any e-mail address you provide us or use other electronic means of communication to the extent permitted by law.

### 17. NOTICES

You have the right to return the Vehicle, and receive a refund of any payments made if the credit application is not approved, unless nonapproval results from an incomplete application or from incorrect information provided by you.

**THERE IS NO COOLING OFF PERIOD**
California law does not provide for a "cooling off" or other cancellation period for vehicle leases. Therefore, you cannot later cancel this Lease simply because you change your mind, decided the Vehicle costs too much, or wish you had acquired a different vehicle. You may cancel this Lease only with the agreement of the Lessor or for legal cause, such as fraud.

**THIS LEASE CONTAINS THE ENTIRE AGREEMENT BETWEEN YOU AND US.** No agreements exist between you and Lessor except as set forth in this Lease. The agreement between the parties may only be modified in writing signed by you and Lessor, except that at the end of the original Lease Term the Lease may be extended by agreement at our discretion for a period not to exceed six (6) months. No course of performance will modify the agreement between the parties or constitute a waiver of any right under this Lease.

(Lessee's Initials) ✓   Co-Lessee's Initials N/A ✓

**NOTICE:** (1) BY SIGNING BELOW, YOU AGREE TO ALL THE PROVISIONS ON BOTH SIDES OF THIS LEASE. (2) YOU ACKNOWLEDGE THAT YOU HAVE READ THE ENTIRE LEASE, INCLUDING THE REVERSE SIDE. (3) YOU ACKNOWLEDGE THAT YOU HAVE RECEIVED A COMPLETELY FILLED-IN COPY OF THIS LEASE AND OF ANY OTHER AGREEMENTS, POLICIES OR CERTIFICATES THAT YOU SIGNED OR AGREED TO PURCHASE. (4) THIS IS A LEASE AGREEMENT AND NOT A PURCHASE AGREEMENT; PLEASE SEEK INDEPENDENT PROFESSIONAL ADVICE IF YOU HAVE QUESTIONS CONCERNING THIS TRANSACTION. (5) YOU AGREE THAT YOU HAVE READ THE ARBITRATION PROVISION ON THIS LEASE, INCLUDING THE METHOD FOR OPTING OUT, AND YOU AGREE TO ARBITRATE ALL CLAIMS IN ACCORDANCE WITH THE ARBITRATION PROVISION IN SECTION 30.

(1) Do not sign this Lease before you read it or if it contains any blank spaces to be filled in; (2) You are entitled to a completely filled in copy of this Lease; (3) Warning--Unless a charge is included in this Lease for public liability or property damage insurance, payment for that coverage is not provided by this Lease.

**BY SIGNING BELOW YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS LEASE AND RECEIVED A COMPLETELY FILLED-IN COPY OF THIS LEASE BEFORE SIGNING.**

### 18. SIGNATURES

CONSUMER (LESSEE(S)) SIGNATURE(S)
X [signature]   X N/A
Lessee Signature   Co-Lessee Signature

BUSINESS LESSEE SIGNATURE
N/A   N/A   X N/A
Authorized Signer Name (Print)   Title   Signature

**LESSOR SIGNATURE AND ASSIGNMENT**
By signing below, Lessor identified above agrees to the following: (1) Lessor accepts this Lease; (2) Lessor assigns all right, title and interest in this Lease and the Vehicle to CCAP Auto Lease Ltd. ("Assignee") under the terms of the Chrysler Capital Non-Recourse Master Dealer Agreement in effect as amended from time to time. Lessor acknowledges that Lessor is not an agent of Assignee or its servicer and that neither the Chrysler Capital Non-Recourse Master Dealer Agreement nor this assignment makes Lessor an agent of Assignee or its servicer.

X [signature]   [name]   [title]
Lessor Signature   Lessor Representative Name   Title

**SEE OTHER SIDE FOR ADDITIONAL TERMS AND CONDITIONS**

©2020 Chrysler Capital. Chrysler Capital is a registered trademark of FCA US LLC and licensed to Santander Consumer USA Inc. Lease agreements are owned by CCAP Auto Lease Ltd. and serviced by Chrysler Capital.

### 19. LATE CHARGES / RETURNED INSTRUMENT CHARGE / SECURITY DEPOSIT

**A. LATE CHARGES.** If this is a Single Payment Lease, you are not liable for any late charges. If this is a Monthly Payment Lease, and if Lessor does not receive all or any portion of any payment within 10 days of its due date, you must pay Lessor a late charge of $35 or such lesser maximum amount as may be set by law.

**B. RETURNED INSTRUMENT CHARGE.** If any check, draft, or similar instrument you send in payment is returned to us unpaid for any reason, including, but not limited to, non-sufficient funds, you must pay a returned instrument charge of $25, or such lesser amount as is permitted by law, in addition to any amounts you are charged by any other party and the amount of the dishonored instrument. If no such amount is permitted by law, you will not owe a returned instrument charge.

**C. REFUNDABLE SECURITY DEPOSIT.** You agree that a security deposit may be required on this Lease and that Lessor may hold the security deposit. Any interest or monetary benefit which may accrue will not be paid to you and will not be used to reduce your obligation under this Lease. The security deposit cannot be used for a Monthly Payment. Lessor will retain any amounts held as a security deposit until all amounts due under this Lease have been paid in full, including personal property taxes, and Lessor may apply the security deposit against any unpaid amounts.

### 20. VEHICLE USE / MAINTENANCE

**A. VEHICLE USE.** You will be responsible for all operating expenses arising from the use of the Vehicle. You promise that neither you nor anyone else will: (1) use the Vehicle in any way which is illegal; (2) use the Vehicle in any way which would cause cancellation or suspension of the required insurance, warranty or other protection; (3) use the Vehicle as a public or private carrier; (4) remove the Vehicle for more than 30 days from the state where you reside or from the United States; (5) alter or remove equipment from the Vehicle which would decrease its value; (6) use the Vehicle in a livery service or conveying parcels or people for hire; (7) operate the Vehicle without the required driving license or insurance coverage; (8) fail to pay any fine, toll, ticket or penalty associated with the Vehicle. If you fail to pay, you will reimburse us and pay a $25 administration fee per occurrence; where permitted by law, for any fine, toll, ticket, penalty or other amount paid on your behalf, even if payment is requested after the termination date of this Lease.

**B. VEHICLE MAINTENANCE.** You must keep the Vehicle in the same condition as when you leased it, normal wear and mileage excepted. You must at your expense, maintain the Vehicle in good operating order and appearance and maintain the Vehicle in accordance with all legal requirements (including inspections), the manufacturer's recommendations and warranty requirements, including having service in connection with any recall campaign completed and validated. Lessor has the right to inspect the Vehicle at any time. Lessor has no obligation to provide a replacement vehicle for any reason. You agree to keep and maintain all service records on the Vehicle during the Lease Term and provide such records to the Lessor at the end of the Lease Term.

**C. INDEMNITY.** You agree to indemnify and hold us and our assigns, agents, and insurers harmless from all claims, demands, penalties, fines, losses and expenses (including reasonable attorneys' fees to the extent not prohibited by law) arising from the Vehicle's possession, use, condition or operation, including claims based on strict liability.

### 21. RIGHT TO TERMINATE EARLY

**A. LESSEE'S RIGHT TO TERMINATE EARLY.** You may terminate this Lease at any time before the end of the Lease Term. If you elect to terminate this Lease before the end of the Lease Term and you do not exercise your Purchase Option, the charge for such early termination is the Early Termination Liability as defined below in Section 22.

**B. LESSOR'S RIGHT TO TERMINATE EARLY.** Lessor may terminate this Lease before the end of the Lease Term if you are in Default. If you do not exercise your Option to Purchase, upon such termination, Lessor shall be entitled to the following charges: (1) the Early Termination Liability as defined below in Section 22; plus (2) reasonable expenses, if any, incurred as a direct result of retaking the Vehicle, holding it, preparing it for sale and selling it; plus (3) if Lessor hires an attorney who is not a salaried employee of Lessor to collect what you owe, you agree to pay reasonable attorneys' fees.

### 22. EARLY TERMINATION LIABILITY

**A. MONTHLY PAYMENT LEASE.** For a Monthly Payment Lease, if this Lease terminates early, you agree to pay the sum of items (1) through (5) as follows:
1. Any unpaid Monthly Payments accrued up to the termination date, plus
2. A Turn-In Fee of $495 or, if we repossess the Vehicle, instead of a Turn-in Fee, the actual expenses we incur in connection with repossessing, obtaining, storing, preparing for sale, and selling the Vehicle, including transportation and reconditioning, plus
3. Official fees and taxes in connection with the termination, plus
4. all other amounts due and owing under this Lease, except excess wear and mileage, plus
5. An early termination charge equal to the amount by which the Adjusted Lease Balance exceeds the Vehicle's Realized Value at termination.

**B. SINGLE PAYMENT LEASE.** For a Single Payment Lease, if this Lease terminates early, you agree to pay the sum of items (1) through (4) as follows:
1. A Turn-In Fee of $495 or, if we repossess the Vehicle, instead of a Turn-In Fee, the actual expenses we incur in connection with repossessing, obtaining, storing, preparing for sale, and selling the Vehicle, including transportation and reconditioning, plus
2. Official fees and taxes in connection with the termination, plus
3. All other amounts due and owing under this Lease, except excess wear and mileage, plus
4. An early termination charge equal to the amount by which the Adjusted Lease Balance exceeds the Vehicle's Realized Value at termination.

If this is a Single Payment Lease and if Early Termination occurs, and the Realized Value exceeds the Adjusted Lease Balance, you agree to pay the sum of items (1) through (3) in Section 22.B and you will be entitled to a credit ("Single Pay Termination Credit") equal to the lesser of (i) the amount by which the Realized Value exceeds the Adjusted Lease Balance, or (ii) the product of the Single Payment divided by the Lease Term times the number of whole months remaining until scheduled termination. Any amount by which the Single Pay Termination Credit exceeds the sum of items (1) through (3) in Section 22.B will be refunded to you. If the sum of items (1) through (3) in Section 22.B exceeds the Single Pay Termination Credit, you will owe the deficiency.

### 23. ADJUSTED LEASE BALANCE

**A. MONTHLY PAYMENT LEASE.** For a Monthly Payment Lease, your Adjusted Lease Balance is the Adjusted Capitalized Cost disclosed on the front of this Lease, less all Depreciation and other Amortized Amounts accrued up to the termination date, calculated according to the Constant Yield Method. "Constant Yield Method" means the method of determining the Rent Charge portion of each Base Monthly Payment, under which the Rent Charge for each month is earned in advance by multiplying the constant rate implicit in the Lease times the balance subject to Rent Charge as it declines during the scheduled Lease Term. At any time during the scheduled Lease Term, the balance subject to Rent Charge is the difference between the Adjusted Capitalized Cost and the sum of (1) all Depreciation and other Amortized Amounts accrued during the preceding months and (2) the first Base Monthly Payment.

**B. SINGLE PAYMENT LEASE.** For a Single Payment Lease, the Adjusted Lease Balance at a given time is determined by adding to the initial balance subject to Rent Charges all Rent Charges accrued as of the month of calculation. The Rent Charges accrue at a constant rate which, compounded monthly and added to the initial balance subject to Rent Charge, will cause the resulting Adjusted Lease Balance to increase to the Residual Value over the term of the Lease. The initial balance subject to Rent Charge is the Adjusted Capitalized Cost less the Single Payment, excluding taxes.

### 24. REALIZED VALUE OF VEHICLE

**A. REALIZED VALUE.** The Realized Value is calculated as follows: (1) if you maintain insurance on the Vehicle as required in the Lease and the Vehicle is a Total Loss as a result of theft or damage, the amount of any applicable insurance deductible owed by you and the proceeds of the settlement of the insurance claim we receive, unless a higher amount is agreed to by us, (2) If you elect to have an appraisal conducted as provided in Regulation M and set forth in Section 24.B, the value determined on appraisal, (3) if we elect to retain ownership of the Vehicle for use or to lease to a subsequent lessee, the wholesale value of the Vehicle as specified in a recognized used vehicle value guide customarily used by California motor vehicle dealers to value vehicles in California that is current at the time of termination, including, but not limited to, Black Book, taking into consideration the Vehicle's mileage and physical condition or (4) the price paid for the Vehicle upon disposition.

**B. INDEPENDENT APPRAISAL.** In the event of an early termination of this Lease, you may obtain, at your own expense, from an independent third party agreeable to both Lessee and Lessor, a professional appraisal of the wholesale value of the Vehicle which could be realized at sale. The appraised value shall then be used as the Realized Value.

### 25. SCHEDULED TERMINATION LIABILITY / EXCESSIVE WEAR

**A. SCHEDULED TERMINATION LIABILITY.** Upon the termination of the Lease as scheduled at the end of the Lease Term, you will owe all amounts past due and unpaid, charges for Excessive Wear (Section 25.B) and for excess mileage in accordance with Section 7, plus a Disposition Fee equal to $395 or the maximum allowed by applicable law, if lower.

**B. EXCESSIVE WEAR.** You are responsible for repairing all damage and wear that is beyond the minor wear reasonably expected to result from ordinary use and everyday use, assuming that you use the Vehicle as this Lease permits (see Section 20.A) and maintain it as this Lease requires (see Section 20.B) ("Excessive Wear"). Excessive Wear includes, but is not limited to: (i) broken, cracked, chipped, scratched or discolored glass; (ii) damage to or deterioration of the body, metal work, trim or paint, including, by way of example, damage or deterioration that requires straightening of the metal or refinishing of the body; (iii) burned, torn or stained dash, floor covers, seats, headliners, upholstery or interior work; (iv) mismatched wheels or tires (including spare) that are missing, are not in safe condition, or have less than 4/32nd of an inch tread depth; (v) unsafe or unlawful operating condition; (vi) unrepaired or unreplaced mechanical parts which would have been repaired or replaced during the normal service of the Vehicle, including, by the way of example but not limitation, transmissions, air conditioning components, engines, power steering or electrical components, or brakes which require any repair; (vii) any other damage, whether or not insurance covers it; (viii) any repaired or replaced parts which we have not approved; and (ix) missing accessories or equipment that were included in the Vehicle when it was delivered.

### 26. PURCHASE OPTION

**A. END OF LEASE TERM.** At scheduled Lease termination, you may purchase the Vehicle "AS IS". You must notify Lessor of your intent to exercise the Option to Purchase. If you exercise the Option to Purchase at scheduled Lease termination, you agree to pay Lessor a sum equal to:
1. The Residual Value;
2. Plus any past due Monthly Payments and any other amount due under this Lease;
3. Plus the Purchase Option Fee, described in Section 8 of this Lease;
4. Plus any official fees, taxes and other charges related to the purchase of the Vehicle.

**B. PRIOR TO END OF LEASE TERM.** You have an Option to Purchase the Vehicle "AS IS" at any time prior to the end of the Lease Term. You must notify Lessor before you exercise the Option to Purchase. If you exercise the Option to Purchase at any time prior to the end of the Lease Term, you agree to pay Lessor a sum equal to:
2. Plus any official fees, taxes and other charges related to the purchase of the Vehicle;
3. Plus the Residual Value;
4. Plus the Purchase Option Fee described in Section 9 of this Lease;
5. Plus the Base Monthly Payment times the number of Base Monthly Payments not yet due only if this is a Monthly Payment Lease;
6. Minus unearned Rent Charges calculated according to the actuarial method. The term "actuarial method" means the method of allocating Base Monthly Payments between: (i) the reduction of the Adjusted Capitalized Cost to the Residual Value over the Lease Term; and (ii) Rent Charges. Under this method, a Base Payment is applied first to the accumulated Rent Charge and any remainder is subtracted from, or any deficiency is added to, the balance of the Adjusted Capitalized Cost. Rent Charges are earned on a set monthly schedule regardless of when a Monthly Payment is received. Rent Charges are at their

1. The Residual Value;
2. Plus any past due Monthly Payments and any other amount due under this Lease;
3. Plus the Purchase Option Fee, described in Section B of this Lease;
4. Plus any official fees, taxes and other charges related to the purchase of the Vehicle.

B. **PRIOR TO END OF LEASE TERM.** You have an Option to Purchase the Vehicle "AS IS" at any time prior to the end of the Lease Term. You must notify Lessor before you exercise the Option to Purchase. If you exercise the Option to Purchase at any time prior to the end of the Lease Term, you agree to pay Lessor a sum equal to:
   1. Any past due Monthly Payments and any other amount due under this Lease;
   4. Plus the Purchase Option Fee described in Section B of this Lease;
   5. Plus the Base Monthly Payment times the number of Base Monthly Payments not yet due only if this is a Monthly Payment Lease;
   6. Minus unearned Rent Charges calculated according to the actuarial method. The term "actuarial method" means the method of allocating Base Monthly Payments between: (i) the reduction of the Adjusted Capitalized Cost to the Residual Value over the Lease Term; and (ii) Rent Charges. Under this method, a Base Payment is applied first to the accumulated Rent Charge and any remainder is subtracted from, or any deficiency is added to, the balance of the Adjusted Capitalized Cost. Rent Charges are earned on a set monthly schedule regardless of when a Monthly Payment is received. Rent Charges are at their maximum at the beginning of the Lease Term and decrease to their minimum at the end of the Lease Term.

## 27. VEHICLE RETURN / LEASE EXTENSION

A. **VEHICLE RETURN/HOLDOVER.** Whether the Lease is terminated early or as scheduled, you must return the Vehicle to the place Lessor specifies. If you do not exercise your purchase option, as described on Section 26 above. If you fail to return the Vehicle to the place specified by the Lessor, you must pay us a transportation fee of $150. You have no right to retain the Vehicle after termination of the Lease and that any holding over without Lessor's consent is a default under the Lease, as agreed under Section 29. If you hold the Vehicle beyond the end of the Lease Term without agreeing to an extension under Section 27.B, you will be liable for additional damages equal to $150, plus (i) in a Monthly Payment Lease, one Monthly Payment for each month or part thereof that you retain the Vehicle, or (ii) in a Single Payment Lease, the Single Payment divided by the number of months in the Lease Term, plus any applicable taxes, for each month or fraction thereof until the Vehicle is returned. Payment of such damages does not grant you the right to possession for the remainder of such month or for any period at all.

B. **LEASE EXTENSION.** Upon Lessor's written approval, at the Lessor's sole discretion, after expiration of the original Lease Term, you shall pay a $100 lease extension fee for the privilege of extending this Lease. You understand that all contractual obligations will apply under any approved extension and that such extension period shall not exceed six (6) months in duration. In the case of such an extension, additional Monthly or Single Payment terms will be specified in a Lease Extension Agreement between you and us.

## 28. TOTAL LOSS / WAIVER OF GAP AMOUNT

A. **Total Loss occurs, and the Vehicle is a Total Loss, if the Vehicle is lost or stolen and not recovered, is destroyed, is rendered unsuitable for use or has damage such that the Vehicle is not substantially repairable as determined by your insurer. If the Vehicle is subject to a Total Loss:**
   1. You will notify us and your insurance company within twenty-four (24) hours after any damage, loss, theft, seizure or impoundment of the Vehicle.
   2. If you had in effect the vehicle insurance required under this Lease at the time of the Total Loss, Lessor will waive the early termination charge set forth in Section 22.A.5. You will pay to Lessor the sum of: (a) all Monthly Payments overdue and any other amounts that are due or past due at the time of the loss or that come due up until Lessor receives your full insurance proceeds; plus (b) the amount of your deductible. Even if the Vehicle is insured, you must continue to pay any applicable Monthly Payments until Lessor receives your full insurance proceeds. If you do not have in effect the insurance required under this Lease, or Total Loss, is denied by your insurer by reason of your fraudulent or criminal acts, the early termination charge set forth in Section 22.A.5 will not be waived and you will owe the Early Termination Liability set forth in Section 22.

## 29. DEFAULT

A. **YOU WILL BE IN DEFAULT IF ANY OF THE FOLLOWING HAPPEN:**
   1. You fail to pay any payment under this Lease when due;
   2. You fail to keep the Vehicle insured as required by this Lease or the Vehicle insurer denies full coverage or liability;
   3. You fail to return the Vehicle upon termination of this Lease;
   4. You fail to comply with any of the terms and conditions of this Lease;
   5. You are subject to a proceeding in bankruptcy, receivership or insolvency or you make an assignment for the benefit of creditors;
   6. You die during the Lease Term;
   7. **You rent, sublease, assign, or otherwise transfer any interest in this Lease, the Vehicle, or the right to use the Vehicle, without the prior written consent of Lessor;**
   8. You make any misrepresentation on your application for credit;
   9. You fail to answer traffic summons or pay any traffic tickets or other fines when due;
   10. The Vehicle is seized or confiscated for any reason by a law enforcement agency; or
   11. Anything else occurs that Lessor believes endangers the Vehicle or its condition, impairs your ability to pay or compromises Lessor's ownership interest in the Vehicle.

B. **LESSOR'S RIGHTS UPON DEFAULT (INCLUDING ADDITIONAL AMOUNTS YOU OWE UPON DEFAULT).** If you are in default Lessor may:
   1. End this Lease and require you to pay the amount you would have owed (a) under Section 22 if you terminated the Lease before the start of the last monthly period; or (b) under Section 25.A if you terminated the Lease on or after the start of the last monthly period.
   2. Take the Vehicle from you without demand. If the law permits, Lessor may go on your property to take the Vehicle. If the Vehicle has an electronic locating device, Lessor may use the device to find the Vehicle unless prohibited by law.
   3. Sue you for damages and to get the Vehicle back.
   4. Pursue any other remedy the law provides.
   
   Lessor will exercise its rights without breach of the peace, at reasonable times and places, in a reasonable way, and as the law permits. Lessor may take and store any personal items that are in the Vehicle. If you do not ask for the items back Lessor may dispose of them as the law permits. You will pay Lessor's reasonable expenses of taking these actions as the law permits. These expenses may include expenses of taking and storing the Vehicle, attorneys' fees, collection costs and court costs if permissible under state law.

## 30. ARBITRATION

YOU AGREE THAT ANY AND ALL CLAIMS WILL BE RESOLVED BY INDIVIDUAL ARBITRATION AND NOT IN COURT IF YOU OR LESSOR REQUESTS ARBITRATION. YOU HEREBY ACKNOWLEDGE THAT YOU ARE WAIVING YOUR RIGHT TO PROCEED IN COURT, AND TO JURY TRIAL. ADDITIONALLY, YOU WAIVE ALL RIGHTS TO PROCEED IN A CLASS ACTION OR CLASS ARBITRATION. Any controversy or claim between or among you and Lessor, including, but not limited to, those arising out of or relating to the Vehicle, this Lease or any related agreement or any claim based on or arising from an alleged tort, shall at the request of either party be determined by individual arbitration except for proceedings in small claims court, self-help vehicle recovery, and other self-help such as the exercise of set-off rights. The arbitration shall be governed by the Federal Arbitration Act (Title 9, U.S. Code), notwithstanding any choice of law provision in this Lease, and under the authority and the applicable consumer rules and procedures of the American Arbitration Association ("AAA") then in effect which are available at www.adr.org or by contacting AAA at 800-778-7879. If AAA no longer arbitrates the type of dispute at issue, the arbitration organization shall be an organization you propose that is acceptable to Lessor and the rules and procedures shall be the rules and procedures of that arbitration organization. Arbitrator(s) must be licensed attorneys. The arbitration shall take place in the state in which you reside and shall apply the law of the state where the Dealer is located. If you do not reside in the United States, the arbitration shall take place in the state in which the Dealer is located. Lessor will advance all arbitration forum administrative fees, which the arbitrator(s) may decide that you must repay unless such repayment would be prohibited under state law if the dispute were resolved in court. Responsibility for paying costs, attorneys' fees and expenses will be determined by the arbitrator(s) applying state law. Neither Lessor nor you shall be entitled to join or consolidate disputes by or against others in any arbitration, or to include in any arbitration any dispute as a representative or member of a class, or to act in any arbitration in the interest of the general public or in a private attorney general capacity. If this waiver of class proceedings is held to be unenforceable, the entire arbitration provision is void and the remainder of the Lease remains enforceable. You have the right to opt out of arbitration by notifying us in writing at 1601 Elm Street, Suite 800, Dallas, TX 75201 within 30 days after execution of the Lease.

## 31. GENERAL PROVISIONS

A. **SECURITY INTEREST/SET OFF.** You grant Lessor a security interest, to the extent permitted by state law, in the loss proceeds of any vehicle insurance, service contracts or products financed in connection with this Lease and in any premium refunds for such insurance, service contracts or other products to secure performance of your obligations under this Lease. You grant Lessor the right to set-off amounts owed by you to Lessor against any amounts owed by Lessor to you without notice or demand except as required by applicable law.

B. **LIMITED POWER OF ATTORNEY.** You appoint us or our agent as your attorney-in-fact to do the following: (1) settle any insurance claim related to the Vehicle; (2) endorse your name on any check or draft we receive for damage or loss of the Vehicle; and (3) to sign your name to any title, registration or other similar documents related to the Vehicle. This power of attorney is coupled with an interest in the Vehicle and is not revocable.

C. **ADDITIONAL CREDITS AND AMOUNTS DUE.** Regardless of how the Lease ends, you will owe Lessor any unpaid fees and taxes, including any tax on what you owe because the Lease ends early, plus any amounts due because you breached your obligations under this Lease. Lessor may cancel any optional insurance or service, maintenance, or other contracts that Lessor financed for you. Lessor will give you a credit for any amount Lessor receives from such a cancellation, unless the GAP Waiver in Section 28 applies.

D. **ODOMETER STATEMENT.** You agree to maintain the Vehicle's odometer so that it is always accurate. You will provide us with an odometer certification at any time we request one. **Federal law requires you to give us a statement of the Vehicle's mileage in connection with a transfer of Vehicle ownership. You may be fined and/or imprisoned if you do not complete the disclosure or if you make a false statement.**

E. **NO WAIVER.** We do not waive our rights or remedies under this Lease by delaying or failing to exercise them at any time. Our acceptance of late or partial payments under this Lease will not constitute a waiver of our right to receive timely payment in full or any other rights.

F. **ASSIGNMENT. You have no right to assign any of your rights under this Lease or to sublet the Vehicle; Lessor can assign its interest in this Lease and the Vehicle without your consent.** If the Lease is assigned by Assignee, a subsequent assignee may designate CCAP Auto Lease Ltd., or its trustee, as agent to hold title for the benefit of that subsequent assignee on the Vehicle's certificate of title and/or registration. Any subsequent Assignee will not be required to make repairs to the Vehicle, obtain insurance, or perform any service Lessor has agreed to perform under this Lease. You understand that you may not receive notice of any assignment of this Lease.

G. **CREDIT REPORTS.** You authorize us to obtain your credit report, credit score or other consumer reports from any consumer reporting agency now and during the term of this Lease, and to reinvestigate your credit for use in monitoring this Lease; collection of amounts owed under this Lease and extending or amending this Lease to the full extent permitted by law. You are also hereby notified that if you fail to fulfill the terms of your credit obligations under this Lease, a negative report regarding your credit may be submitted to each consumer reporting agency. Lessor may share credit, account and financial information with our affiliates and other third parties except to the extent prohibited by our policies or by law, including your instructions that must be followed under the Gramm-Leach-Bliley Act and state law.

H. **GOVERNING LAW.** This Lease is governed by, and will be interpreted in accordance with the laws of the state where the Dealer is located.

I. **ENFORCEABILITY.** If any provision of this Lease is found to be unenforceable, illegal, or void, the remaining provisions of this Lease will remain in full force and effect.

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | JASON | | McCULLOUGH |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | Central District of California | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

# Official Form 108
## Statement of Intention for Individuals Filing Under Chapter 7                12/15

If you are an individual filing under chapter 7, you must fill out this form if:
- creditors have claims secured by your property, or
- you have leased personal property and the lease has not expired.

You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form.

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

## Part 1: List Your Creditors Who Have Secured Claims

1. For any creditors that you listed in Part 1 of *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D), fill in the information below.

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **CHRYSLER CAPITAL**<br>Description of property securing debt: | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement*.<br>☑ Retain the property and [explain]: | ☑ No<br>☐ Yes |

| Debtor 1 | JASON | | McCULLOUGH | Case number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 2: List Your Unexpired Personal Property Leases

For any unexpired personal property lease that you listed in *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G), fill in the information below. Do not list real estate leases. *Unexpired leases* are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

| Describe your unexpired personal property leases | Will the lease be assumed? |
|---|---|
| Lessor's name: CROSS RIVER BANK | ☐ No |
| Description of leased property: Peleton Bike | ☑ Yes |
| Lessor's name: | ☐ No |
| Description of leased property: | ☐ Yes |
| Lessor's name: | ☐ No |
| Description of leased property: | ☐ Yes |
| Lessor's name: | ☐ No |
| Description of leased property: | ☐ Yes |
| Lessor's name: | ☐ No |
| Description of leased property: | ☐ Yes |
| Lessor's name: | ☐ No |
| Description of leased property: | ☐ Yes |
| Lessor's name: | ☐ No |
| Description of leased property: | ☐ Yes |

## Part 3: Sign Below

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.

X _[signature]_
Signature of Debtor 1

Date **11/28/2024**
       MM/ DD/ YYYY

```
            S150 TRAC   Leasing Transaction History      01-06 09:15:11   01/06
Assoc 1 Appl VL Company 300 Branch 0002 Product         View                    PAGE   1
Cust MCCULLOUGH J          Vehicle Desc   2022 DODGE         CHALLENGER
```

| | Transaction ID | Eff Date | Amount | Hist Date / Time |
|---|---|---|---|---|
| ... | FEE PAYMENT | 11/19/2025 | 318.75 | T 11192025 221621 |
| ... | ACTCHG | 11/05/2025 | 55,154.73 | T 11052025 050725 |
| ... | ACTCHG | 11/05/2025 | 55,154.73 | T 11052025 050724 |
| ... | FEE ASSESSMENT | 11/05/2025 | 395.00 | T 11052025 050723 |
| ... | FEE ASSESSMENT | 11/05/2025 | 2,754.75 | T 11052025 050722 |
| ... | PMT ALLOC BACK-DATED | 09/22/2025 | 408.84 | T 09252025 221648 |
| ... | LATE CHARGE PAYMENT | 09/25/2025 | 35.00 | T 09252025 221647 |
| ... | ACCRUALS | 08/23/2025 | 672.59 | T 08232025 234308 |
| ... | ALLOCATED PAYMENT | 08/17/2025 | 759.92 | T 08172025 152905 |
| ... | ACCRUALS | 07/23/2025 | 672.59 | T 07232025 234230 |
| ... | ALLOCATED PAYMENT | 07/13/2025 | 759.92 | T 07132025 122349 |
| ... | ACCRUALS | 06/23/2025 | 672.59 | T 06232025 234444 |
| ... | PMT ALLOC BACK-DATED | 06/01/2025 | 759.92 | T 06022025 040053 |
| ... | ACCRUALS | 05/23/2025 | 672.59 | T 05232025 234458 |
| ... | PMT ALLOC BACK-DATED | 04/24/2025 | 759.72 | T 04252025 040053 |

```
            Lease 1000 View Opt T Begin date _____ Co 300 Br 0002
====>       PF05=S590 09=VIEW 10=STLS 11=VTRR
4-©        1    Sess-1    10.143.83.33           TCPE1575           6/2
```

```
Page: 2  Document Name: Untitled
              S150 TRAC    Leasing Transaction History      01-06 09:15:19    01/06
 Assoc 1 Appl VL Company 300 Branch 0002 Product     View                  PAGE  2
 Cust MCCULLOUGH J          Vehicle Desc   2022 DODGE       CHALLENGER
```

| | Transaction ID | Eff Date | Amount | Hist Date / Time |
|---|---|---|---|---|
| _ | ACCRUALS | 04/23/2025 | 672.59 | T 04232025 235043 |
| _ | ACCRUALS | 03/23/2025 | 672.59 | T 03232025 234933 |
| _ | ALLOCATED PAYMENT | 03/22/2025 | 759.72 | T 03222025 115524 |
| _ | PMT ALLOC BACK-DATED | 02/23/2025 | 759.72 | T 02242025 040022 |
| _ | ACCRUALS | 02/23/2025 | 672.59 | T 02232025 235013 |
| _ | ACCRUALS | 01/23/2025 | 672.59 | T 01232025 235312 |
| _ | ALLOCATED PAYMENT | 01/22/2025 | 759.72 | T 01222025 054517 |
| _ | ACCRUALS | 12/23/2024 | 672.59 | T 12232024 235760 |
| _ | ALLOCATED PAYMENT | 12/23/2024 | 759.72 | T 12232024 120110 |
| _ | ACCRUALS | 11/23/2024 | 672.59 | T 11232024 235726 |
| _ | ALLOCATED PAYMENT | 11/23/2024 | 724.72 | T 11232024 102446 |
| _ | ACCRUALS | 10/23/2024 | 672.59 | T 10232024 235727 |
| _ | ALLOCATED PAYMENT | 10/23/2024 | 724.72 | T 10232024 102414 |
| _ | ACCRUALS | 09/23/2024 | 672.59 | T 09242024 000605 |
| _ | ALLOCATED PAYMENT | 09/23/2024 | 724.72 | T 09232024 102617 |

```
              Lease 1000 View Opt T Begin date _____   Co 300 Br 0002
 ====>  _____ PF05=S590 09=VIEW 10=STLS 11=VTRR
 4-©          1    Sess-1    10.143.83.33        TCPE1575         6/2
```

```
              S150 TRAC    Leasing Transaction History    01-06 09:15:20    01/06
Assoc 1 Appl VL Company 300 Branch 0002 Product          View                        PAGE  3
Cust MCCULLOUGH J         Vehicle Desc    2022 DODGE         CHALLENGER

        Transaction ID              Eff Date           Amount    Hist Date / Time
     ACCRUALS                      08/23/2024          672.59    T 08232024 235608
     ALLOCATED PAYMENT             08/23/2024          724.72    T 08232024 102505
     ALLOCATED PAYMENT             08/12/2024          760.00    T 08122024 135243
     LATE CHARGE ASSESSMENT        08/05/2024           35.00    T 08052024 235733
     PMT ALLOC REV                 07/23/2024          724.72    T 08022024 221953
     ACCRUALS                      07/23/2024          672.59    T 07232024 235939
     ALLOCATED PAYMENT             07/23/2024          724.72    T 07232024 221824
     ACCRUALS                      06/23/2024          672.59    T 06232024 235216
     ALLOCATED PAYMENT             06/23/2024          724.72    T 06232024 221656
     ACCRUALS                      05/23/2024          672.59    T 05242024 000312
     ALLOCATED PAYMENT             05/23/2024          724.72    T 05232024 222142
     ACCRUALS                      04/23/2024          672.59    T 04242024 001111
     ALLOCATED PAYMENT             04/23/2024          724.72    T 04232024 222317
     ACCRUALS                      03/23/2024          672.59    T 03242024 000431
     ALLOCATED PAYMENT             03/23/2024          724.72    T 03232024 221659


        Lease 1000 View Opt T Begin date _____  Co 300 Br 0002
====>        PF05=S590 09=VIEW 10=STLS 11=VTRR
4-©        1    Sess-1    10.143.83.33           TCPE1575          6/2
```

```
            S150 TRAC   Leasing Transaction History      01-06 09:15:22    01/06
Assoc 1 Appl VL Company 300 Branch 0002 Product         View                      PAGE  4
Cust MCCULLOUGH J         Vehicle Desc    2022 DODGE         CHALLENGER

       Transaction ID           Eff Date          Amount    Hist Date / Time
       ACCRUALS                 02/23/2024        672.59    T 02232024 235834
       ALLOCATED PAYMENT        02/23/2024        724.72    T 02232024 222255
       ACCRUALS                 01/23/2024        672.59    T 01242024 001302
       ALLOCATED PAYMENT        01/23/2024        724.72    T 01232024 222251
       ACCRUALS                 12/23/2023        672.59    T 12242023 001113
       ALLOCATED PAYMENT        12/23/2023        724.72    T 12232023 221630
       PMT ALLOC BACK-DATED     11/23/2023        724.72    T 11242023 222246
       ACCRUALS                 11/23/2023        672.59    T 11232023 003216
       ACCRUALS                 10/23/2023        672.59    T 10242023 001460
       ALLOCATED PAYMENT        10/23/2023        724.72    T 10232023 222305
       ACCRUALS                 09/23/2023        672.59    T 09242023 001330
       ALLOCATED PAYMENT        09/23/2023        724.72    T 09232023 221637
       ACCRUALS                 08/23/2023        672.59    T 08242023 014658
       ALLOCATED PAYMENT        08/23/2023        724.72    T 08242023 004706
       ACCRUALS                 07/23/2023        672.59    T 07242023 001051


       Lease 1000 View Opt T Begin date _____ Co 300 Br 0002
====>  ____  PF05=S590 09=VIEW 10=STLS 11=VTRR
4-©         1    Sess-1    10.143.83.33          TCPE1575           6/2
```

```
Page: 5  Document Name: Untitled
              S150 TRAC    Leasing Transaction History    01-06 09:15:24   01/06
 Assoc 1 Appl VL Company 300 Branch 0002 Product     View                    PAGE  5
 Cust MCCULLOUGH J           Vehicle Desc   2022 DODGE       CHALLENGER

          Transaction ID            Eff Date         Amount   Hist Date / Time
      ALLOCATED PAYMENT            07/23/2023        724.72   T 07232023 221650
      ACCRUALS                     06/23/2023        672.59   T 06242023 001326
      ALLOCATED PAYMENT            06/23/2023        724.72   T 06232023 222102
      ACCRUALS                     05/23/2023        672.59   T 05242023 002454
      ALLOCATED PAYMENT            05/23/2023        724.72   T 05232023 222307
      ACCRUALS                     04/23/2023        672.59   T 04242023 005539
      ALLOCATED PAYMENT            04/23/2023        724.72   T 04232023 221645
      ACCRUALS                     03/23/2023        672.59   T 03242023 002459
      ALLOCATED PAYMENT            03/23/2023        724.72   T 03232023 222318
      ACCRUALS                     02/23/2023        672.59   T 02242023 001851
      ALLOCATED PAYMENT            02/23/2023        724.72   T 02232023 222415
      ACCRUALS                     01/23/2023        672.59   T 01242023 002344
      ALLOCATED PAYMENT            01/23/2023        724.72   T 01232023 222216
      ACCRUALS                     12/23/2022        672.59   T 12242022 001942
      ALLOCATED PAYMENT            12/23/2022        724.72   T 12232022 222106


          Lease 1000 View Opt T Begin date _____ Co 300 Br 0002
 ====>          PF05=S590 09=VIEW 10=STLS 11=VTRR
 4-©         1     Sess-1    10.143.83.33          TCPE1575         6/2
```

```
            S150 TRAC    Leasing Transaction History    01-06 09:15:25    01/06
Assoc 1 Appl VL Company 300 Branch 0002 Product       View                PAGE  6
Cust MCCULLOUGH J          Vehicle Desc   2022 DODGE       CHALLENGER

         Transaction ID            Eff Date          Amount    Hist Date / Time
         ACCRUALS                 11/23/2022         672.59    T 11242022 005852
         ALLOCATED PAYMENT        11/23/2022         724.72    T 11232022 222039
         ACCRUALS                 10/23/2022         672.59    T 10242022 001839
         ALLOCATED PAYMENT        10/17/2022         724.72    T 10172022 222053
         DY1 ACCR                 09/23/2022         672.59    T 09292022 221602
         NEW LEAS                 09/23/2022      55,490.32    T 09292022 221601




         Lease 1000 View Opt T Begin date _____   Co 300 Br 0002
====>    PF05=S590 09=VIEW 10=STLS 11=VTRR
4-©       1    Sess-1    10.143.83.33         TCPE1575            6/2
```